IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOEL ALVARADO SANTIAGO**                                                  **PETITIONER**

v.                                              **CIVIL ACTION NO.: 3:22-cv-652-KHJ-MTP**

**MARCUS MARTIN**                                                          **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Respondent's Motion to Dismiss for Mootness [14]. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On November 8, 2022, Petitioner Joel Alvarado Santiago filed his Petition for Writ of Habeas Corpus [1] alleging that he was entitled to additional credits toward his sentence beginning at the time of his initial arrest on June 25, 2018. On March 23, 2023, Respondent filed a Motion to Dismiss for Mootness [14] arguing that Petitioner has since received credit toward his sentence, and his Petition is now moot. On April 7, 2023, the Court directed Petitioner to show cause, in writing, on or before April 28, 2023, why this action should not be dismissed as moot. *See* Order to Show Cause [15]. Petitioner did not file a response, and the time to do so has expired.

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (citing *Baily v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirements that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional

jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005).

Petitioner requested additional sentence credit for time served in custody beginning on June 25, 2018. *See* [1] at 5. According to a declaration by Michael FiggsGanter submitted in support of Respondent's Motion, after reviewing Petitioner's file, it was determined that Petitioner was entitled to this additional sentence credit and that he "was awarded custody credit dating back to June 25, 2018." *See* [14-1] at 1.

Because the BOP administratively awarded all of the sentencing credit that Petitioner requested in his Petition, the case is moot. *See O'Neal v. U.S.*, 399 F.2d 635 (5th Cir. 1968) (dismissing appeal as moot because appellant had been administratively awarded the jail credits he sought); *see also Jackson v. Dretke*, No. C-06-019, 2006 WL 2248081, at *2 (S.D. Tex. Aug. 3, 2006) ("Because petitioner has received the credit toward his sentence that he sought, his habeas claim is now moot."). Thus, this action should be dismissed without prejudice.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss for Mootness [14] be GRANTED and that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the

matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 15th day of May, 2023.

                                                   s/Michael T. Parker
                                                 UNITED STATES MAGISTRATE JUDGE